# Supreme Court of the Navajo Nation

**Lenora Y. Fulton, Appellant,**

v.

**Paul Redhouse, Chairman,**
**Navajo Board of Election Supervisors, Appellee.**
**Decided January 11, 1991**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Lenora Y. Fulton, Pro se, Window Rock, Navajo Nation (Arizona); and Claudeen Bates Arthur, Esq., Legislative Counsel, The Navajo Nation, Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by Austin, Associate Justice.

This is an appeal from a December 7, 1990 decision of the Navajo Board of Election Supervisors, denying a statement of grievance regarding the November 20, 1990 Navajo Nation general election, filed by Lenora Y. Fulton. The decision of the Navajo Board of Election Supervisors is affirmed.

## I. FACTS AND ISSUES

It appears from the appeal documents filed in this case that Lenora Y. Fulton (Fulton) is a dissatisfied voter in the November 20, 1990 election, and not a dissatisfied candidate. She brought her appeal on her own behalf, and her handwritten brief sets forth her complaints well.

Fulton says, and we accept for purposes of deciding this appeal, that on November 20, 1990, at approximately 3:30 P.M., she went to vote at the Fort Defiance Chapter House. As she stood in line, waiting to vote, she saw that poll workers were instructing people on how to vote, in English. She says that the workers told voters, including Fulton, to "vote for one of these," while pointing to photographs of Peterson Zah or Leonard Haskie with a pen or pencil. The poll workers said nothing about the procedure for voting for the approved write-in candidate, George P. Lee. Fulton complained about that lack of instruction, saying, "I want to vote for a write-in, why don't you tell me how to do it?" Fulton also complained to another poll worker about not being told how to vote for a write-in candidate and not being advised in both Navajo and English about the procedure.

Fulton also raises general complaints regarding "stress and confusion" among

Navajo voters caused by disputes over election dates, and the lack of fair opportunity for Mr. Lee to effectively campaign, given the dates chosen by the Navajo Board of Election Supervisors.

In sum, this election challenge is one brought by an individual voter, asserting violations of her individual rights as well as general complaints about the November 20, 1990 general election for president and vice-president.

The legal issues which arise from the record and briefs on file are as follows: 1) Whether Fulton has standing to bring an election challenge and appeal; and 2) Whether Fulton has shown any error which affects the outcome of the election or its essential fairness.

## II. STANDING

The dispositive question under the Navajo Election Code of 1990 is whether the Navajo Nation Council intended, when fixing the procedures for orderly elections, that individual voters can bring election disputes. While 11 N.T.C. § 321.B.1 (1990) gives the Board the general power to hear the complaint of "the complaining person," 11 N.T.C. § 86.A (1990) has a more specific provision for challenging an election that has taken place. Section 86.A states that "[a] disputed election for any office shall be appealed in writing within 10 calendar days following the election. Appeal shall be to the Board by the *aggrieved candidate*." (emphasis added). Thus, the Navajo Nation Council specifically restricted the right to challenge election results to candidates who can show aggrievement, injury, or a denial of clear rights.

There are many public events and decisions which may dissatisfy members of the public at large. Elections and how they are conducted are one kind of such events. The individual citizen may believe that a public governmental body has acted wrongly, but citizenship alone or interest in public affairs is not sufficient to give the right to sue over such a decision. If any individual or citizen could sue because of general displeasure with governmental decisions, courts and administrative agencies would be brought to a standstill with the volume of complaints.

The statute, 11 N.T.C. § 86.A (1990), limits the right to bring challenges to an election that has taken place to aggrieved candidates, and thus excludes an individual voter's right to challenge election results. The Navajo Nation Council has identified a class of persons who are adversely affected or injured by election outcomes, and those are the persons with standing to bring an election grievance and an eventual appeal to this Court. Fulton is not in that class.

We hold that Fulton does not have standing to assert her complaints regarding the events at the Fort Defiance Chapter House on November 20, 1990, and she cannot assert the general rights of others. The decision of the Board is thus affirmed.

## III. ELECTION FAIRNESS AND OUTCOME

Even if Fulton had standing, her complaints do not show that there would have been any change in the outcome of the election or that there was evidence of fraud which prevented a fair election. *Williams v. Navajo Election Comm'n*, 5 Nav. R. 25 (1985). In the absence of such a showing, the presumption that an election which has been held has been conducted regularly and validly, controls. *Johnson v. June*, 4 Nav. R. 79 (1983).

In *Williams v. Navajo Election Comm'n*, 5 Nav. R. 25, a dissatisfied candidate for a council delegate seat complained of inaccurate information about the closing of the poll located at the Fort Defiance Chapter House, as well as voters who were deterred from voting because of that error. We held that her challenge was speculative, and that speculation over the numbers of voters who *may* have been deterred by an error in conducting an election was insufficient to show that the election results would have been different, but for the error.

Here too, it is speculative to assert that some slight irregularities in one of 109 chapter polling places would have changed the outcome of the 1990 general election. It appears that Fulton is unhappy that Mr. George P. Lee did not have more time to campaign, and that she feels he would have had more votes in his favor had poll workers provided more information about the write-in voting procedure. These are matters which only Mr. Lee has the right to assert, and we understand he has very graciously conceded the election outcome.

There was no error in the decision regarding Lenora Y. Fulton's grievance, so accordingly, the December 7, 1990 decision of the Navajo Board of Election supervisors is affirmed.